# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 17 CR 495 |
| v. | Judge Andrea R. Wood |
| ROBERT O'ROURKE | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and Title 18, United States Code, Section 1835, it is hereby ORDERED:

1. **Use of Discovery Materials.** All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "discovery materials") are subject to this Protective Order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. **Sensitive Information**. As used in this Order, "Sensitive Information" means material designated as "SENSITIVE" by the producing party that contains information that reveals trade secrets.

3. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing

party that contains research, technical, commercial or financial information previously maintained as confidential.

4. **Designation**. A party may designate material as Sensitive Information for protection under this Order by placing or affixing the words "SENSITIVE" on the material in a manner that will not interfere with the legibility of the material. A party may designate material as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the material and on all copies in a manner that will not interfere with the legibility of the material. Applying the marking "SENSITIVE" or "CONFIDENTIAL" to material does not mean that the material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. The designation of material as Sensitive Information or Confidential Information is a certification that an attorney or party has a good faith, reasonable belief that the document contains Sensitive Information or Confidential Information as defined in this Order.

5. **Dissemination & Use.**

a. Sensitive Information may not be disseminated to any individuals, organization, or other entities, other than: (a) Defendant Robert O'Rourke, (b) named members of the defense team (co-counsel, paralegal, and secretarial staff); and (c) experts retained to assist in the preparation of the defense (collectively, "authorized persons"). Notwithstanding the foregoing, Defendant Robert O'Rourke may review Sensitive Information only in his defense counsel's

offices. Defendant Robert O'Rourke is not permitted at any time to take or possess any Sensitive Information outside his attorney's offices. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Protective Order and will be advised that he or she shall not further disseminate Sensitive Information except as provided in this Order

      b.     Confidential Information may not be disseminated to any individuals, organization, or other entities, other than: (a) Defendant Robert O'Rourke, (b) named members of the defense team (co-counsel, paralegal, and secretarial staff); and (c) experts retained to assist in the preparation of the defense (collectively, "authorized persons"). Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Protective Order and will be advised that he or she shall not further disseminate Confidential Information except as provided in this Order.

6.    **Copies**.

Defendant, defendant's counsel, and authorized persons may copy or reproduce Sensitive Information or Confidential Information and use such copies in a manner consistent with the terms of this Order.

7.    **Prospective Witness Viewing**. If defense counsel or other authorized person wishes to show any Confidential Information during discovery to a witness or potential witnesses, they shall first ask the United States to agree to permit the distribution of the document to the witness or potential witness as an

exception to this Protective Order, unless the witness or potential witness has already seen the Confidential Information. In the event that the United States declines to agree to the distribution of Confidential Information to a witness or potential witness, the defendants may seek relief from these provisions by making a motion for such relief to the Court upon notice to the United States, consistent with the requirements of Paragraph 8 below, which notice shall identify the particular person(s) and item(s) at issue. For good cause shown, such part of the motion that identifies the person(s) to whom the discovery materials are intended to be disseminated (and the reason) may be filed with the Court *ex parte* and under seal.

8. **Notes**. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Sensitive Information or Confidential Information, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Sensitive Information or Confidential Information.

9. **Court Filings/Sealed Documents**. This Order does not, by itself, authorize the filing of any pleading, document, or portion thereof under seal. Any party wishing to file a motion, brief, pleading or other submission that refers to the contents of Sensitive Information or Confidential Information, or contains a document designated as Sensitive Information or Confidential Information, must comply with LR 26.2.

10. **Media**. None of the Sensitive Information or Confidential Information produced by the United States to the defense shall be disseminated to, or discussed with, the media. Nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding.

11. **Conclusion of Proceeding**. Upon conclusion of the trial and any appeals of this case or upon the earlier resolution of charges against the defendant, all such Sensitive Information or Confidential Information and all copies made thereof shall be returned to the United States or destroyed, unless otherwise ordered by the Court. All copies of Sensitive Information or Confidential Information withheld by the defense must be done through an express order of this Court and shall be preserved only so long as is necessary for further proceedings related to this case, after which they shall be returned to the United States or destroyed. The Court shall require a certification as to the disposition of any such Sensitive Information or Confidential Information.

12. **Mistaken Disclosure**. To the extent any Sensitive Information or Confidential Information is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the Sensitive Information or Confidential Information and shall do so in writing. Within five working days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the

case of electronic discovery materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

13. **Challenges to a Designation**. Nothing in this Order shall preclude the defendant from moving to dissolve the Protective Order in its entirety, as to any category of documents, or as to any particular document. The following procedure shall apply to any such challenge.

   a. **Meet and Confer**. A party challenging the designation of Sensitive Information or Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

   b. **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion, consistent with Paragraph 9 above, that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall

be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

14. **Further Protections**. Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Rule 16(d) and Title 18, United States Code, Section 1835 as to particular items of discovery.

15. **Amending this Order**. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof. This Order may be amended at any time by agreement of all of the parties and with the Court's approval. Any amendment must be in writing and expressly state that it is an amendment to this Protective Order and be signed by all parties to be valid. If any party wishes to amend the Protective Order and an agreement cannot be reached by all parties, then the party may raise the issue by motion to the Court, consistent with Paragraph 8 above, which may amend the Protective order as it sees fit. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

DATED: November 8, 2017    ENTER:

_____
ANDREA R. WOOD
United States District Judge
Northern District of Illinois